Dear Representative Goldman:
This letter is in response to your questions as follows:
 1. Is it necessary for a school board to issue contracts to tenured, permanent teachers by April 15 of each year?
 2. Is it necessary for a school board to set the salary schedule on or before April 15?
 3. Once a salary schedule has been adopted and contracts have been issued, how may a school board and teacher modify the contract if the change is mutually acceptable?
 4. Once a salary schedule has been adopted and contracts have been issued, when may a school board and a teacher modify the contract if the change is mutually acceptable?
The facts stated in support of your request are as follows:
 Historically, the Affton School District has adopted an amended salary schedule for its tenured teachers on or before April 15. The Board adopted the salary schedule for the 1984-85 school year on April 9, 1984. The Board issued the contracts for the 1984-85 school year during the week of April 8 — 12, 1984.
 In July of 1984, the School Board revised its budget, because of greater amounts in its year end balances.
 The superintendent recommended, to the Board, that the tenured teachers contracts be modified to give a 2% raise. The Board rejected this modification based upon the recommendation of the Board attorney that a raise at that time would be illegal.
Section 168.106, RSMo 1978, authorizes an indefinite contract between a school district and a permanent teacher, which may be terminated only under certain conditions. Section 168.108, RSMo 1978, establishes the form for the indefinite contract; such form,inter alia, sets forth the annual compensation. Section 168.110, RSMo 1978, provides that a board of education may modify an indefinite contract, as to the annual compensation, annually on or before the fifteenth day of April. Section 168.112, RSMo 1978, provides that an indefinite contract may be modified or terminated at any time by the mutual consent of the parties.
Although Section 168.112, RSMo 1978, would appear to authorize a mutually agreeable modification in an indefinite contract providing a mid-year salary increase, such statute must be read in harmony with the Constitution of Missouri.
Article III, Section 38(a), Missouri Constitution, states in part:
 The general assembly shall have no power to grant public money or property, or lend or authorize the lending of public credit, to any private person, association or corporation, excepting . . . .
Article III, Section 39(3), Missouri Constitution, states:
The general assembly shall not have power:
* * *
 (3) To grant or to authorize any county or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant or contractor after service has been rendered or a contract has been entered into and performed in whole or in part;
Article VI, Section 23, Missouri Constitution, states:
 No county, city or other political corporation or subdivision of the state shall own or subscribe for stock in any corporation or association, or lend its credit or grant public money or thing of value to or in aid of any corporation, association or individual, except as provided in this constitution.
Article VI, Section 25, Missouri Constitution, states:
 No county, city or other political corporation or subdivision of the state shall be authorized to lend its credit or grant public money or property to any private individual, association or corporation except as provided in Article VI, Section 23(a) and except that the general assembly may authorize any county, city or other political corporation or subdivision to provide for the retirement or pensioning of its officers and employees and the widows and children of deceased officers and employees and may also authorize payments from any public funds into a fund or funds for paying benefits upon retirement, disability or death to persons employed and paid out of any public fund for educational services and to their beneficiaries or estates; and except, also, that any county of the first class is authorized to provide for the creation and establishment of death benefits, pension and retirement plans for all its salaried employees, and the widows and minor children of such deceased employees.
In Opinion No. 211, Belt, 1970, copy enclosed, this office concluded that the granting of a three hundred dollars ($300.00) per teacher bonus during the school year to teachers already under contract to perform services during that year violated Article III, Sections 38(a) and 39(3), Missouri Constitution. Whatever is the efficacy of that conclusion, we believe that giving teachers a bonus for services already contracted for is a grant of public funds prohibited by Article VI, Sections 23 and 25, Missouri Constitution. Accordingly, modifications of teachers' contracts of the type proposed are unconstitutional.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 211, Belt, 1970